WARREN JACKSON and E. W. ADAMS *v.* WILLIS BLANTON.

1. NEW TRIAL. *Motion for. Affidavit. When insufficient.* Where an attorney, after commencement of a suit, makes objection to jurors without stating specifically by affidavit his causes until on motion for new trial; this is a waiver of such objections, and the affidavit is insufficient.

2. EVIDENCE. *Admissions. Party refusing to testify.* If upon a trial a party to the suit, being present and competent, is challenged to testify as to facts in his knowledge, or a denial of his own admissions, but declines, the jury may consider of this circumstance in coming to their verdict.

Case cited: 1 Green. on Ev., §§ 197, 199.

FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CARY, Judge.

W. Jackson and E. W. Adams *v.* W. Blanton.

F. C. MAURY and H. WARD for Warren Jackson and E. W. Adams.

GEO. J. STUBBLEFIED for Willis Blanton.

DEADERICK, J., delivered the opinion of the Court.

Blanton sued Jackson & Adams in the Circuit Court of Davidson County, on an account for a large quantity of lumber sold and delivered to them. They insisted in the defence on payment and set-off. Two trials took place, in each of which Blanton obtained a verdict and judgment.

On the last trial two of the jurors who sat on the first trial were empanneled without objection, and constituted a part of the jury. The record shows no exception to these two jurors until after the verdict, when defendants' counsel, on a motion for a new trial, filed an affidavit stating that the cause was taken up for trial in his absence, and that when he came into Court plaintiff had not finished the examination of his first witness; that immediately after coming into Court he discovered that the two jurors referred to were sitting on the trial of the cause. He therefore moved the Court for a *venire de novo,* or to substitute two other jurors. This the Court refused to do. He further states that when the cause was called for trial, another attorney, who knew nothing of the cause of challenge of the two jurors, volunteered and represented him until his return into Court.

The first error relied on is, that the Court refused

to grant a new trial on this affidavit. Upon turning to the record, we find it stated that the parties appeared by counsel, and a jury was empanneled for the trial of the cause. This recital in the record is not contradicted by the affidavit. In legal contemplation, therefore, the objection to the two jurors was waived. If it had been the purpose of counsel to rely upon the alleged error in refusing to grant a *venire de novo*, the motion should have been based upon an affidavit stating specific objections to the two jurors, and also showing that the counsel was guilty of no negligence in failing to be present, and making the objection when the cause was called for trial. Instead of this, the ruling of the Court was acquiesced in until after the verdict. Moreover, it does not appear by the affidavit of the counsel, nor by that of the defendants, that they were not present, nor that they were ignorant of the objection to the two jurors. We are therefore constrained to hold that the affidavit of the counsel alone did not furnish sufficient ground for a new trial.

It further appears from the bill of exceptions that the plaintiff himself was examined as a witness in his own behalf, and in the course of his examination detailed admissions of one of the defendants, and also referred to the fact that this defendant was present in Court, and could state whether the admissions were made or not. He also gave an explanation, with some uncertainty and hesitancy as to its correctness, in regard to some payments made to him by

5—vol. 2.

the defendants in notes on other parties, and why these payments were not credited on his account. It appears that the defendant alluded to as being present, although a competent witness, was not called to testify in behalf of defendants.

In reference to this proof, and · the fact that the defendant present in Court failed to testify, the Court instructed the jury as follows:

"That so far as any doubt and uncertainties existed as to the facts of these alleged payments, and as to whether or not any note or draft received by the plaintiff from the defendants on his account had afterwards been returned by him to them and received and used by them, or as to the state of their mutual accounts with each other—and it was in the power of either party to establish the truth by testimony within his own possession—the jury would be warranted in assuming the facts to be most strongly against the party who withheld such testimony, and that under the law as it now stands, permitting a party to be a witness in his own case, this rule would apply equally where a party had withheld his own testimony as in other cases, and that as the plaintiff had testified to certain admissions made by the defendant (Jackson) as to certain matters relating to their mutual accounts, and the defendant (Jackson), though in Court and a competent witness, under the law, had elected to remain silent and not testify on the subject of such admissions, the jury might properly consider that fact in making up their verdict, but that such fact should

not be conclusive with them, but that they should make up' their verdict in view of all the evidence in the case."

It is insisted for the defendants that these instructions are erroneous, and were calculated to mislead the jury. It is an old doctrine that admissions may be implied from the acquiescence of the party, but to give force to such admissions, the circumstances must be not only such as afforded him an opportunity to act, but such also as would properly and naturally call for some action or reply from men similarly situated. These admissions should always be received with caution, and never ought to be received at all, unless the evidence is of direct declarations of that kind which naturally call for contradictions; some assertions made to the party with the respect to his right, which, by his silence, he acquiesces in. 1 Greenleaf on Evidence, §§ 197, 199. It is obvious that the instructions of the Judge, above quoted, are in substantial conformity with this rule. The defendant was present in Court during the examination of the plaintiff as a witness, and during such examination the plaintiff detailed admissions made by the defendant, and stated other circumstances calculated to operate injuriously to the interest of the defendant in the suit, and, in effect, challenged the defendant to a denial of his testimony. The defendant declined to be examined, although a competent witness. This fact was properly left to the jury as a circumstance to be weighed in determining the rights of the par-

ties.    We are therefore of opinion that there is no error in the judgment below, and affirm it.